**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

JAMES BAIRD
635 High Street, Unit B
Hamilton, OH 45011,

Plaintiff,

v.

DARANA HYBRID, INC.
903 Belle Avenue
Hamilton, OH 45015

**Serve Also:**
DARANA HYBRID, INC.
c/o Cogency Global, Inc.
3958-D Brown Park Road
Hilliard, OH 43026

-and-

THOMPSON METAL FABRICATION LLC
903 Belle Avenue
Hamilton, OH 45015

**Serve Also:**
THOMPSON METAL FABRICATION LLC
c/o Darryl Cuttell
903 Belle Avenue
Hamilton, OH 45015

-and-

RONNIE BROWN
903 Belle Avenue
Hamilton, OH 45015,

Defendants.

CASE NO.

JUDGE:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

Plaintiff, James Baird, by and through undersigned counsel, as his Complaint against Defendants Darana Hybrid, Inc., Thompson Metal Fabrication LLC, and Ronnie Brown, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. James Baird is a resident of the city of Hamilton, county of Butler, state of Ohio
2. Upon information and belief, Ronnie Brown is a resident of the state of Ohio.
3. Darana Hybrid, Inc., is a foreign corporation that does business at 903 Belle Avenue, Hamilton, OH 45015.
4. Thompson Metal Fabrication LLC., is a domestic limited liability company that does business at 903 Belle Avenue, Hamilton, OH 45015.
5. Darana Hybrid Inc., is and, at all times herein, was an "employer" within the meaning of Ohio R.C. § 4112.01 *et seq.*
6. Thompson Metal Fabrication LLC., is and, at all times herein, was an "employer" within the meaning of Ohio R.C. § 4112.01 *et seq.*
7. Darana Hybrid Inc., and Thompson Metal Fabrication LLC form a single employer for the purposes of the claims asserted by Baird herein, in that they have common offices, common management, common record keeping, common and shared equipment, shared bank accounts, centralized control of labor relations and personnel, and common ownership and financial control. Darana Hybrid Inc., and Thompson Metal Fabrication LLC are hereinafter referred to collectively as "Darana Hybrid."
8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Baird is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

9. All material events alleged in this Complaint occurred in Butler County, Ohio.

10. This Court has supplemental jurisdiction over Baird's state law claims pursuant to 28 U.S.C. § 1367 as Baird's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Baird filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2026-01308 against Darana Hybrid. ("Baird EEOC Charge").

13. On or about May 8, 2025, the EEOC issued a Notice of Right to Sue letter to Baird regarding Baird's EEOC Charge. See Exhibit A.

14. Baird received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1).

15. Baird has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(a).

## FACTS

16. On or about March 1, 2025, Darana Hybrid hired Baird.

17. Darana Hybrid employed Baird as Lead Equipment Maintenance Technician.

18. Baird was qualified for the Equipment Maintenance Technician position.

19. On or about August 30, 2025, Baird injured his right ankle while performing his job duties as Lead Equipment Maintenance Technician.

20. Baird's injured ankle constitutes a temporary disability ("Baird's Disability").

21. Baird's Disability constitutes a physical impairment.

22. Baird's Disability substantially limited one or more of his major life activities, including working.

23. Baird's Disability substantially limited his ability to walk without a limp, move, and bear weight on his ankle.

24. On or about August 31, 2025, Baird informed Ronnie Brown of Baird's Disability.

25. Brown was Baird's supervisor.

26. Upon information and belief Brown did not have a disability.

27. Defendant knew about Baird was disabled.

28. In the alternative, Darana Hybrid perceived Baird as being disabled.

29. Despite this actual or perceived disabling condition, Baird was still able to perform the essential functions of Baird's job.

30. On or about September 1, 2025, Baird requested an accommodation for Baird's Disability.

31. On or about September 1, 2025, Baird requested permission from Brown to use his personal scooter to assist with his mobility while at work ("First Accommodation Request").

32. On or about September 1, 2025, Brown warned Baird that if he reported his workplace injury and how he obtained Baird's Disability, he could be terminated.

33. On or about September 1, 2025, Brown effectively discouraged Baird from filing a worker's compensation claim.

34. Throughout the remainder of his employment with Darana Hyrid, Baird continued performing Lead Maintenance Technician duties from his home "on call."

35. On or around early September 2025, Baird explained to Brown and the various department heads who oversaw the machines on which he performed maintenance that since he would be "on call," if any machine needed maintenance or if "anything broke," they could simply give him a call, and he would come into work to resolve the issue decision ("Second Accommodation Request").

36. Baird's Second Accommodation Request would not cause Defendants an undue hardship.

37. Before denying Baird's Second Accommodation Request, Defendants did not determine whether Baird's Second Accommodation Request would cause Defendants an undue hardship.

38. Defendants have no contemporaneously created documents reflecting any effort to determine whether Baird's Second Accommodation Request would cause an undue hardship.

39. Before denying Baird's Second Accommodation Request, Defendants did not determine the cost of Baird's Second Accommodation Request.

40. Defendants have no contemporaneously created documents reflecting any effort to determine the cost of Baird's Second Accommodation Request.

41. Before denying Baird's Second Accommodation Request, Defendants did not determine the cost of providing any accommodation besides Baird's Second Accommodation Request.

42. Defendants have no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Baird's Second Accommodation Request.

43. Defendants did not seek outside funding to cover the cost of any undue financial hardship.

44. Defendants have no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

45. Alternatively, Defendants did not offer Baird the opportunity to pay for any financial hardship that would result from Baird's Second Accommodation Request.

46. Baird's Second Accommodation Request was reasonable.

47. Defendants did not engage in any conversation with Baird for any alternative options for Baird's Second Accommodation Request.

48. In response to Baird's Second Accommodation Request, Defendants failed to participate in any interactive process.

49. Defendants denied Baird's Second Accommodation Request.

50. Defendants did not provide Baird with an alternative accommodation in response to Baird's Second Accommodation Request.

51. Defendants did not provide Baird with the opportunity to pay for any undue financial burden for a disability accommodation.

52. Defendants could have provided light duty as a reasonable accommodation.

53. Defendants have provided light duty to employees prior to Baird's Second Accommodation Request.

54. Defendants did not provide Baird with light duty.

55. Defendants could have provided time off as a reasonable accommodation.

56. Defendants have provided time off to employees prior to Baird's Second Accommodation Request.

57. Defendants did not provide Baird with time off as an accommodation.

58. During Baird's employment, Defendants never explained to Baird why the Accommodation Request was denied.

59. Alternatively, during Baird's Second employment, Defendants only explanation to Baird regarding why the Accommodation Request was denied was to say that Defendants did not have any accommodation available.

60. On or about September 11, 2025, Brown terminated Baird's employment with Darana Hybrid. ("Termination").

61. On or about September 11, 2025, Brown stated that Baird's recent absences from work served as the basis for his termination. ("Stated Reason").

62. The Termination came after Baird's workplace injury.

63. The Termination came after Baird asked for Baird's First Accommodation Request.

64. The Termination came after Baird asked for Baird's Second Accommodation Request.

65. Darana Hybrid's stated reason for the Termination was false, unsupported, and pretextual.

66. Darana Hybrid has a progressive disciplinary policy ("Discipline Policy").

67. A verbal warning is the lowest level of discipline in the Discipline Policy.

68. Baird did not receive a verbal warning before the Termination.

69. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

70. Baird did not receive a written warning before the Termination.

71. A termination is the highest level of discipline in the Discipline Policy.

72. Darana Hybrid knowingly skipped progressive disciplinary steps in terminating Baird's employment.

73. Darana Hybrid knowingly terminated Baird's employment.

74. Darana Hybrid knowingly took an adverse employment action against Baird.

75. Darana Hybrid knowingly took an adverse action against Baird.

76. Darana Hybrid intentionally skipped progressive disciplinary steps in terminating Baird's employment.

77. Darana Hybrid intentionally terminated Baird's employment.

78. Darana Hybrid intentionally took an adverse employment action against Baird.

79. Darana Hybrid intentionally took an adverse action against Baird.

80. Darana Hybrid knew that skipping progressive disciplinary steps in terminating Baird's employment would cause Baird harm, including economic harm.

81. Darana Hybrid knew that terminating Baird's employment would cause Baird harm, including economic harm.

82. Darana Hybrid willfully skipped progressive disciplinary steps in terminating Baird's employment.

83. Darana Hybrid willfully terminated Baird's employment.

84. Darana Hybrid willfully took an adverse employment action against Baird.

85. Darana Hybrid willfully took an adverse action against Baird.

86. On or about September 11, 2025, Darana Hybrid terminated Baird's employment because of his Disability.

87. On or about September 11, 2025, Darana Hybrid terminated Baird's employment because he requested accommodations for his Disability.

88. On or about September 11, 2025, Darana Hybrid terminated Baird's employment because he exercised the approved accommodations for his Disability.

89. On or about September 11, 2025, Darana Hybrid terminated Baird's employment because he requested Baird's Second Accommodation Request.

90. On or about September 11, 2025 Darana Hybrid terminated Baird's employment to prevent him from filing a worker's compensation claim.

91. Darana Hybrid's termination of Baird was retaliation for engaging in a protected activity of asking for an accommodation.

92. Darana Hybrid terminated Baird's employment because of Baird's Disability.

93. By terminating Baird's employment, Darana Hybrid made it less likely for a reasonable employee to make a workplace injury report or oppose conduct like disability discrimination.

94. As a direct and proximate result of Darana Hybrid's, and Ronnie Brown's conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT I: DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 12101 *et seq***
**(Defendant Darana Hybrid)**

95. Baird restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

96. At all times referenced herein, Baird was capable of performing the essential functions of his job.

97. Darana Hybrid treated Baird differently than other similarly-situated employees based on his disabling condition.

98. Darana Hybrid treated Baird differently than other similarly-situated employees based on his perceived disabling condition.

99. On or about September 11, 2025, Darana Hybrid terminated Baird's employment without just cause.

100. Darana Hybrid terminated Baird's employment based on his disability.

101. Darana Hybrid terminated Baird's employment based on his perceived disability.

102. Darana Hybrid violated 42 U.S.C. § 12112(a) when it discharged Baird based on his disability.

103. Darana Hybrid violated 42 U.S.C. § 12112(a) when it discharged Baird based on his perceived disability.

104. Darana Hybrid violated 42 U.S.C. § 12112(a) by discriminating against Baird based on his disabling condition.

105. Darana Hybrid violated 42 U.S.C. § 12112(a) by discriminating against Baird based on his perceived disabling condition.

106. As a direct and proximate result of Darana Hybrid's conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

**(Defendant Darana Hybrid)**

107. Baird restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

108. At all times referenced herein, Baird was capable of performing the essential functions of his job.

109.

110. Darana Hybrid treated Baird differently than other similarly-situated employees based on his disabling condition.

111. Darana Hybrid treated Baird differently than other similarly-situated employees based on his perceived disabling condition.

112. On or about September 11, 2025, Darana Hybrid terminated Baird's employment without just cause.

113. Darana Hybrid terminated Baird's employment based on his disability.

114. Darana Hybrid terminated Baird's employment based on his perceived disability.

115. Darana Hybrid violated Ohio R.C. § 4112.02 when it discharged Baird based on his disability.

116. Darana Hybrid violated Ohio R.C. § 4112.02 when it discharged Baird based on his perceived disability.

117. Darana Hybrid violated Ohio R.C. § 4112.02 by discriminating against Baird based on his disabling condition.

118. Darana Hybrid violated Ohio R.C. § 4112.02 by discriminating against Baird based on his perceived disabling condition.

119. As a direct and proximate result of Darana Hybrid's conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT III: FAILURE TO ACCOMMODATE UNDER 42 U.S.C. § 12101 *et seq.***
**(Defendant Darana Hybrid)**

120. Baird restates each and every prior paragraph of this Complaint, as if fully restated herein.

121. At all times referenced herein, Baird was capable of performing the essential functions of his job with reasonable accommodations.

122.

123. Baird informed Darana Hybrid of his disabling condition.

124. Baird requested accommodations from Darana Hybrid to assist with his disabilities including to use an electric scooter to improve mobility while at work and to work from home while "on call" on days when his Disability proved to be especially challenging, painful, and/or exhausting.

125. Baird's requested accommodations were reasonable.

126. There was an accommodation available that would have been effective and would have not posed an undue hardship to Darana Hybrid.

127. Darana Hybrid failed to engage in the interactive process of determining whether Baird needed an accommodation.

128. Darana Hybrid failed to provide an accommodation.

129. Darana Hybrid violated 42 U.S.C. § 12112(a) by failing to provide Baird a reasonable accommodation.

130. As a direct and proximate result of Darana Hybrid's conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.01 *et seq.***
**(Defendant Darana Hybrid)**

131. Baird restates each and every prior paragraph of this Complaint, as if fully restated herein.

132. At all times referenced herein, Baird was capable of performing the essential functions of his job with reasonable accommodations.

133.

134. Baird informed Darana Hybrid of his disabling condition.

135. Baird requested accommodations from Darana Hybrid to assist with his disabilities including to use an electric scooter to improve mobility while at work and to work from home while "on call" on days when his Disability proved to be especially challenging, painful, and/or exhausting.

136. Baird's requested accommodations were reasonable.

137. There was an accommodation available that would have been effective and would have not posed an undue hardship to Darana Hybrid.

138. Darana Hybrid failed to engage in the interactive process of determining whether Baird needed an accommodation.

139. Darana Hybrid failed to provide an accommodation.

140. Darana Hybrid violated Ohio R.C. § 4112.02 by failing to provide Baird a reasonable accommodation.

141. As a direct and proximate result of Darana Hybrid's conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT V: RETALIATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq***
**(Defendant Darana Hybrid)**

142. Baird restates each and every prior paragraph of this complaint, as if it were fully restated herein.

143. At all times referenced herein, Baird was capable of performing the essential functions of his job.

144. Subsequent to Baird's reporting of his Disability, Darana Hybrid terminated his employment.

145. Subsequent to Baird's requests for accommodations for his Disability described above, Darana Hybrid terminated his employment.

146. Subsequent to Baird's exercise of his approved requests for accommodations for his Disability described above, Darana Hybrid terminated his employment.

147. Darana Hybrid's actions were retaliatory in nature based on Baird sustaining a Disability.

148. Darana Hybrid's actions were retaliatory in nature based on Baird requesting accommodations for his Disability.

149. Darana Hybrid's actions were retaliatory in nature based on Baird's exercise of his approved requests for accommodations for his Disability.

150. Pursuant to 42 U.S.C. § 12203(a), it is an unlawful discriminatory practice to discriminate against a person because they have engaged in a protected activity.

151. As a direct and proximate result of Darana Hybrid's conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**
**(Defendant Darana Hybrid)**

152. Baird restates each and every prior paragraph of this complaint, as if it were fully restated herein.

153. At all times referenced herein, Baird was capable of performing the essential functions of his job.

154. Subsequent to Baird's reporting of his Disability, Darana Hybrid terminated his employment.

155. Subsequent to Baird's requests for accommodations for his Disability described above, Darana Hybrid terminated his employment.

156. Subsequent to Baird's exercise of his approved requests for accommodations for his Disability described above, Darana Hybrid terminated his employment.

157. Darana Hybrid's actions were retaliatory in nature based on Baird sustaining a Disability.

158. Darana Hybrid's actions were retaliatory in nature based on Baird requesting accommodations for his Disability.

159. Darana Hybrid's actions were retaliatory in nature based on Baird's exercise of his approved requests for accommodations for his Disability.

160. Pursuant to Ohio R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section.…"

161. Pursuant to Ohio R.C. § 4112.02(A), it is an unlawful discriminatory practice "for any employer, because of the…disability…of any person, to discharge without just cause…or otherwise discriminate against that person…or any matter directly or indirectly related to employment."

162. As a direct and proximate result of Defendants' conduct, Baird suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VII: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY — WORKER'S COMPENSTATION CLAIM**
**(Defendant Darana Hybrid)**

163. Baird restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

164. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating an employee to avoid a Workers' Compensation claim.

165. Specifically, in *Sutton v. Tomco Machine*, the Ohio Supreme Court noted "we recognize a common-law tort claim for wrongful discharge in violation of public policy when an injured employee suffers retaliatory employment action after an injury but before he or she files, institutes, or pursues a workers' compensation claim." (*Sutton v. Tomco Machine*, 129 Ohio.St. 3d 153, 163 (2011)).

166. Darana Hybrid's termination of Baird's employment jeopardizes these public policies.

167. Darana Hybrid's termination of Baird's employment was motivated by conduct related to these public policies.

168. Darana Hybrid had no overriding business justification for terminating Baird's employment.

169. As a direct and proximate result of Darana Hybrid's conduct, Baird has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VIII: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**
**(Defendant Brown)**

170. Baird restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

171. Pursuant to Ohio R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice...."

172. Brown and Cuttell aided, abetted, incited, coerced, and/or compelled Darana Hybrid's discriminatory termination of Baird's employment.

173. Brown and Cuttell aided, abetted, incited, coerced, and/or compelled Darana Hybrid's discriminatory treatment of Baird.

174. Brown and Cuttell violated Ohio R.C. §§ 4112.02(J) and 4112.99 by aiding, abetting, and inciting discrimination.

175. As a direct and proximate result of Brown's and Cuttell's conduct, Baird has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Baird respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

(i) Requiring Darana Hybrid to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Baird for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Baird claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Milan Gligorevic*
Milan Gligorevic (0104528)
William T. LaGrone (0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
11260 Chester Road, Suite 101
Cincinnati, Ohio 45246
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: milan.gligorevic@spitzlawfirm.com
William.lagrone@spitzlawfirm.com

*Attorneys for Plaintiff James Baird*

**JURY DEMAND**

Plaintiff Baird demands a trial by jury by the maximum number of jurors permitted.

*/s/ Milan Gligorevic*
Milan Gligorevic (0104528)
William T. LaGrone (0104199)